IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHOICE HOTELS                            :
INTERNATIONAL, INC.                      :
                                         :
              Plaintiff                  :
       Vs.                               :        Civil Action No.  4:26-CV-02146
                                         :
DANVILLE HOSPITALITY GROUP   :
INC and JACOB T. ADIGWE          :
                                         :
              Defendants.                :

## COMPLAINT

**COMES NOW** Plaintiff, Choice Hotels International, Inc. ("Choice Hotels" or "Plaintiff"), by and through its legal counsel, Rosenn Jenkins & Greenwald, LLP, and in support of its Complaint against Defendants, Danville Hospitality Group Inc. ("Danville Hospitality Group") and Jacob T. Adigwe ("Mr. Adigwe") (collectively, "Defendants"), does hereby allege and aver:

### Nature of Action

1.     This is a civil action for Trademark Infringement arising under the Lanham Act. Choice Hotels is the owner of the QUALITY INN & SUITES® Trademark and a family of additional QUALITY® formative trademarks that it uses in conjunction with the provision of hotel services. Defendants are former franchisees of Choice Hotels who were, at one time, authorized to operate a QUALITY INN & SUITES® franchise in this Commonwealth and District.  The

Franchise Agreement, and with it, Defendants' license to use the QUALITY INN & SUITES® trademark, was terminated in July of 2024. The hotel has fallen into disrepair, ill-repute, and has been condemned. Notwithstanding, Defendants, without the permission or approval of Choice Hotels, continue to display signage at the hotel using the QUALITY INN & SUITES® trademark. Such use is likely to create consumer confusion in violation of the Lanham Act.

**Parties**

2.      Plaintiff, Choice Hotels, is a Delaware corporation, licensed to conduct business in the Commonwealth of Pennsylvania, having a principal place of business at 915 Meeting Street, Suite 600, North Bethesda, MD 20852.

3.      Defendant, Danville Hospitality Group, is a corporation organized under the laws of the Commonwealth of Pennsylvania having a Registered Office Address at 2031 Ravenwood Drive, Folcroft, PA 19032 and regularly conducts business in this Commonwealth and District by, *inter alia*, engaging in the provision of hotel services at 37 Valley West Road, Danville, PA 17821.

4.      Defendant, Mr. Adigwe, is a natural person, is the 100% owner of Danville Hospitality and Danville Hospitality, LLC and regularly conducts business in this Commonwealth and District by, *inter alia*, engaging in the provision of hotel services at 37 Valley West Road, Danville, PA 17821.

## Jurisdiction and Venue

5.      This Court has both diversity and federal question jurisdiction over this case.

6.      This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

7.      This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

8.      This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

9.      This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

10.     Upon information and belief, each Defendant has sufficient contacts with this Commonwealth and District such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

11.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## Factual Background

12.    Choice Hotels is in the business of franchising hotels.

13.    Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

14.    Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

15.    Choice Hotels is now a publicly traded company with over 7,100 franchised hotels in over 40 countries and territories around the world.

16.    Choice Hotels offers high value, mid-priced, hotel and motel services under such well-known brands as ASCEND HOTEL COLLECTION®. CAMBRIA®. COMFORT®, SLEEP®, QUALITY®, CLARION®, QUALITY POINTE®, MAINSTAY SUITES®, WOODSPRING SUITES®, SUBURBAN STUDIOS®, EVERHOME SUITES®, ECONO LODGE®, RODEWAY INN®, RADISSON®, RADISSON BLU®, RADISSON RED®, RADISSON INDIVIDUALS®, COUNTRY INN & SUITES® BY RADISSON, PARK INN® BY RADISSON AND PARK PLAZA®.

4

**The QUALITY® Family of Marks**

17.    Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of QUALITY-formative trademarks since at least as early as 1939.

18.    Choice Hotels is the owner of no fewer than 17 Federal Trademark Registrations for marks that contain or comprise the term QUALITY for use in connection with lodging and related services.  These registrations include:

| No. | Trademark | Design | Registration | Status |
|---|---|---|---|---|
| 1 | Q QUALITY INN & Design (2022) | | 6804340 | Active |
| 2 | Q Quality Inn by Choice Hotels & Design (2019) (Color) | | 6212591 | Incontestable |
| 3 | Q Quality & Design (2019) | | 5951850 | |
| 4 | Q Design | | 3837912 | Incontestable |

| 5 | Q Quality Hotel & Design | | 3569789 | Incontestable |
|---|---|---|---|---|
| 6 | Q Quality Inn and Suites &Design | | 3448437 | Incontestable |
| 7 | Quality Inn & Suites | QUALITY INN & SUITES | 3448436 | Incontestable |
| 8 | Q Quality & Design | | 3435885 | Incontestable |
| 9 | Quality Suites | QUALITY SUITES | 3053888 | Incontestable |
| 10 | Q Quality & Design | | 2946054 | Incontestable |
| 11 | Q Quality Suites & Design | | 2732875 | Incontestable |
| 12 | Q Quality Inn & Design | | 2729999 | Incontestable |

| 13 | Quality Resort | QUALITY RESORT | 1769488 | Incontestable |
| 14 | Quality Hotel | QUALITY HOTEL | 1534820 | Incontestable |
| 15 | Quality Inn | QUALITY INN | 1183294 | Incontestable |
| 16 | Quality | QUALITY | 1050372 | Incontestable |
| 17 | Quality | QUALITY | 0886881 | Incontestable |

Copies of the relevant registrations are attached as Exhibit 1

19.     The majority of the QUALITY® Registrations identified in enumerated Paragraph 17 (Nos 2-17 above) have achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

20.     Since the inception of their use, the service marks described in Paragraph 17 above (hereinafter, collectively, "the QUALITY® Family of Marks"), have been used by Choice Hotels, its predecessors, and franchisees only in connection with the provision of the highest value hotel and motel services.

21.     Each registration identified in Paragraph 17 above remains active, valid, and enforceable. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion, and protection of the QUALITY® Family of Marks.

22.     As a result of its concerted branding efforts, the QUALITY® Family of Marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

23.    The marks in the QUALITY® Family of Marks are indicative to both the trade industry and to consumers that items bearing, or services offered under, the QUALITY® marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

**Infringement by Defendants**

24.    On or about April 27, 2021, Choice Hotels entered into a Franchise Agreement with Danville Hospitality Group which permitted Danville Hospitality Group to operate a QUALITY INN® hotel franchise at 37 Valley West Road, Danville, PA 17821 (hereinafter, the "Subject Property"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 2.

25.    On or about April 27, 2021, Choice Hotels also entered into a Guaranty Agreement with Mr. Adigwe whereby Mr. Adigwe personally guaranteed the obligations imposed on Danville Hospitality Group under the Franchise Agreement identified in enumerated Paragraph 23 above.  A true and correct copy of the Guaranty is attached hereto as Exhibit 3.

26.    Thereafter, Danville Hospitality Group and Mr. Adigwe (hereinafter, collectively, "Danville Hospitality") operated a QUALITY INN ® hotel franchise at the Subject Property.

27.    The Franchise Agreement licensed the QUALITY® Family of Marks to Danville Hospitality for so long as the Franchise Agreement remained in effect.

28.    Section 11 of the Franchise Agreement states that upon termination, Danville Hospitality must immediately discontinue use of intellectual property, including brand marks, belonging to Choice Hotels and that Danville Hospitality must refrain from using the Choice Hotels trademarks to identify the hotel at the Subject Property.

29.    On or about July 10, 2024, Danville Hospitality ceased operating the hotel at the Subject Property as a QUALITY INN® and began operating as the "Danville Suites."

30.    On or about July 11, 2024, Choice Hotels issued a Notice of Termination to Danville Hospitality. A true and correct copy of the Final Notice of Termination is attached hereto as Exhibit 4.

31.    The Notice of Termination was issued as a result of Danville Hospitality's breach of the Franchise Agreement.

32.    The Notice of Termination informed Danville Hospitality that its Franchise Agreement was terminated as of July 11, 2024.

33.    The Notice of Termination also instructed Danville Hospitality to immediately cease and desist use of any and all marks owned by Choice Hotels.  The Notice of Termination provided Danville Hospitality with specific post-termination instructions, including a De-identification checklist, regarding removal of Choice

Hotels' trademarks from: Exterior Signage, Interior Signage, Interior Common, Guestrooms, Internet, and Phone and Wireless.

34. The Notice of Termination informed Danville Hospitality that continued use of the QUALITY® Family of Marks would constitute trademark infringement and would be dealt with accordingly.

35. The Notice of Termination further demanded that Danville Hospitality tender a Certificate of Compliance indicating that it had de-branded and completely ceased use of the QUALITY® Family of Marks at the Subject Property.

36. The Notice of Termination further advised Danville Hospitality that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $199,274.87 which included past due franchise and related fees in the amount of $141,242.54 and lost profit damages in the amount of $58,032.33.

37. The Notice of Termination demanded that Danville Hospitality tender full payment of the $199,274.87 balance due and owing.

38. The Notice of Termination further indicated that Choice Hotels was entitled liquidated damages for trademark infringement, in the amount of $2,500.00 per day, for each day that Danville Hospitality continued to use the Choice Hotels trademarks post-termination.

39. Upon information and belief, Danville Hospitality did not comply with the requirements set forth in the Notice of Termination.

10

40.    Danville Hospitality did not tender full payment of the $199,274.87 balance due and owing.

41.    Danville Hospitality did immediately de-brand the Subject Property.

42.    Danville Hospitality did not tender a Certificate of Compliance.

43.    Thereafter, Choice Hotels discovered that Danville Hospitality continued to use the QUALITY® Family of Marks in, around, and in publicity for, the hotel located at the Subject Property.

44.    Specifically, in September 2025, a hotel guest posted an online review of the Subject Property that included photographs of signage bearing the QUALITY® Family of Marks.

45.    Further, on or about October 23, 2025, a Choice Hotels field representative conducted a site inspection of the Subject Property and discovered that the QUALITY® Family of Marks was still in use.

46.    Accordingly, on or about November 24, 2025, Choice Hotels issued a Notice of Service Mark Infringement to Danville Hospitality. A true and correct copy of the Notice of Service Mark Infringement is attached hereto as Exhibit 5.

47.    The Notice of Service Mark Infringement identified a then-recent photograph of the Subject Property showing the QUALITY® Family of Marks still on display at the Subject Property. A true and accurate copy of the photograph appears below:

11



48.    The Notice of Service Mark infringement also identified a screenshot depicting recent use of the QUALITY® Family of Marks at the Subject Property:



49. The Notice of Service Mark Infringement again informed Danville Hospitality that its continued use of the QUALITY® Family of Marks was unauthorized.

50. The Notice of Service Mark infringement demanded that Danville Hospitality provide written and photographic evidence, no later than December 8, 2025, that it had completely discontinued use of the QUALITY® Family of Marks at the Subject Property. The Notice further advised Danville Hospitality that the December 8, 2025 deadline did not constitute permission to use the mark nor did it constitute a reprieve from incurring damages.

51. Upon information and belief, Danville Hospitality did not comply with the requirements set forth in the Notice of Service Mark Infringement.

52. Danville Hospitality did not discontinue use of the QUALITY® Family of Marks at the Subject Property.

53. Danville Hospitality did not provide written and photographic evidence of its cessation of use.

54. Thereafter, Choice Hotels discovered that Danville Hospitality continued to use the QUALITY® Family of Marks in, around, and in publicity for, the hotel located at the Subject Property.

55. Specifically, on or about April 8, 2025, a Choice Hotels field representative conducted a site inspection of the Subject Property and discovered

that the QUALITY® Family of Marks was still in use. A true and correct copy of a photograph taken at the Subject Property on April 8, 2025 appears below:



56.     On or about May 26, 2026, WNEP Newswatch 16 issued a news report indicating that the hotel at the Subject Property, also calling itself Danville Suites, had been condemned for mold following a death investigation. The news report included an image of the QUALITY INN & SUITES ® still on display. A true and correct screenshot from the May 26, 2026, WNEP Newswatch 16 new report appears below:

14



57.     On or about May 25, 2026, outside counsel for Choice Hotels issued a Cease and Desist letter to Danville Hospitality.  A true and correct copy of the Cease & Desist letter is attached hereto as Exhibit 6.

58.     The Cease & Desist letter again informed Danville Hospitality that its continued unauthorized use of the QUALITY INN® Family of Marks at the Subject Property constituted trademark infringement and unfair competition under Federal Law.

59.     The Cease & Desist letter demanded that Danville Hospitality provide written and photographic evidence, no later than June 8, 2026, that it had completely discontinued use of the QUALITY® Family of Marks at the Subject Property.  The Cease & Desist letter further advised Danville Hospitality that the June 8, 2026 deadline did not constitute permission to use the mark nor did it constitute a reprieve from incurring damages.

60. Upon information and belief, Danville Hospitality did not comply with the requirements set forth in the Cease & Desist letter.

61. Danville Hospitality did not discontinue use of the QUALITY® Family of Marks at the Subject Property.

62. Danville Hospitality did not provide written and photographic evidence of its cessation of use.

63. Thereafter, Choice Hotels discovered that Danville Hospitality continued to use the QUALITY® Family of Marks in, around, and in publicity for, the hotel located at the Subject Property.

64. Specifically, on or about July 9, 2026, a Choice Hotels field representative conducted a site inspection of the Subject Property and discovered that the QUALITY® Family of Marks was still in use. True and correct copies of photographs taken at the Subject Property on July 9, 2026 appear below:





65.    Upon information and belief, Danville Hospitality has used and is using

the QUALITY® Family of Marks at the Subject Property, without authorization or

permission from Choice Hotels, and has done so for approximately 24 (twenty-four) months following termination of its Franchise Agreement.

66.    The continued use of the QUALITY® Family of Marks at the Subject Property is without the consent or approval of Choice Hotels.

67.    The continued unauthorized use of the QUALITY® Family of Marks by Danville Hospitality has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the QUALITY® Family of Marks.

**CLAIM I**
**Infringement of Federally Registered Trademark**
**(15 U.S.C. §1114)**

68.    Paragraphs 1- 67 are incorporated by reference herein as though set forth in their entirety.

69.    Choice Hotels is the owner of a Family of QUALITY® marks which it uses in connection with the provision of hotel and motel services.  Included in that Family of Marks are at least the following United States Trademark Registrations Nos.:  6804340, 6212591, 5951850, 3837912, 3569789, 3448437, 3448436, 3435885, 3053888, 2946054, 2732875, 2729999, 1769488, 1183294, 1534820, 1050372 and 0886881.

70.    Choice Hotels licensed the QUALITY® Family of Marks to Danville Hospitality as part of a Franchise Agreement.

18

71.    Upon information and belief, after expiration of the Franchise Agreement and its license, and despite receiving multiple notices regarding said expiration, Danville Hospitality continued to use, and continues to use, the QUALITY® Family of Marks, including one or more of the federally registered marks identified in Paragraph 69 above.

72.    Upon information and belief, Danville Hospitality had actual knowledge of the QUALITY® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used the QUALITY® Family of Marks in commerce, in a manner likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

73.    The acts of Danville Hospitality as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

74.    As a direct and proximate cause of the infringing acts of Danville Hospitality, Choice Hotels has been damaged in an amount to be determined at trial.

75.    Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Danville Hospitality and the cost of the action under 15 U.S.C. §1117.

76. The acts of Danville Hospitality as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

77. The acts of Danville Hospitality as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

**CLAIM II**
**Federal Unfair Competition – False Designation of Origin**
**(15 U.S.C. §1125(a))**

78. Paragraphs 1-77 are incorporated by reference herein as though set forth in their entirety.

79. Upon information and belief, Danville Hospitality had actual knowledge of the QUALITY® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used, and continues to use, in commerce marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

80. Upon information and belief, Danville Hospitality used one or more of the marks in the QUALITY® Family of Marks in commerce in connection with the provision of hotel and motel services.

81. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Danville Hospitality, or as to the origin, sponsorship, or approval of the services or commercial activities of Danville Hospitality by Choice Hotels.

82. As a direct and proximate cause of the acts of Danville Hospitality as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

83. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Danville Hospitality and the cost of the action under 15 U.S.C. §1117.

84. The acts of Danville Hospitality as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

85. The acts of Danville Hospitality as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the QUALITY® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## CLAIM III
### Pennsylvania Common Law
### Trademark Infringement / Unfair Competition

86.    Paragraphs 1-85 are incorporated by reference herein as though set forth in their entirety.

87.    The activities of Danville Hospitality as described herein are unfair acts that have occurred in commerce and have damaged the legitimate business of Choice Hotels by creating a likelihood of consumer confusion in the marketplace; therefore those activities constitute unfair competition pursuant to the common law of Pennsylvania.

88.    Danville Hospitality has used, and upon information and belief continues to use, marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Pennsylvania.

89.    The conduct of Danville Hospitality as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law. Choice Hotels will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A.    That each of the Named Defendants (e.g. Danville Hospitality Group Inc. and Jacob T. Adigwe), together with their respective agents, servants, employees and attorneys and all those in active concert or participation with them, be preliminarily and permanently and forever enjoined from using any of the marks in the QUALITY® Family of Marks, including but not necessarily limited to, the marks appearing in United States Trademark Registration Nos.: 6804340, 6212591, 5951850, 3837912, 3569789, 3448437, 3448436, 3435885, 3053888, 2946054, 2732875, 2729999, 1769488, 1183294, 1534820, 1050372 and 0886881 or any mark confusingly similar thereto;

B.    That each of the Named Defendants (e.g. Danville Hospitality Group Inc. and Jacob T. Adigwe), jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from their unauthorized use of one or more of the marks in the QUALITY® Family of Marks.

C.    That Choice Hotels be awarded judgment for damages against each of the Named Defendants (e.g. Danville Hospitality Group Inc. and Jacob T. Adigwe), jointly and severally, resulting from violation of Sections 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and

23

Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

1.  all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

2.  all damages sustained by Choice Hotels as a result of each Named Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

3.  that, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. § 1117, and that Choice Hotels be awarded such relief;

D.  That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants (e.g. Danville Hospitality Group Inc. and Jacob T. Adigwe) resulting from their common law infringement and unfair competition;

E.  That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action;

24

F.    That Choice Hotels be awarded punitive damages; and

G.    That this Court award any and all relief not here enumerated that this

Court should deem just and equitable.

ROSENN, JENKINS & GREENWALD, LLP

By:    /s/  Thomas J. Campenni, Esquire
       THOMAS J. CAMPENNI, ESQUIRE
       PA 87809
       KRYSTI M. OSCHAL, ESQUIRE
       PA 336344
       Cross Creek Pointe
       1065 Highway 315, Suite 200
       Wilkes-Barre, PA 18702
       (570) 826-5652
       tcampenni@rjglaw.com
       koschal@rjglaw.com

Attorneys for Plaintiff,
Choice Hotels International, Inc.